UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



FILED

JAN 13 2011

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In re:

LARRY EUGENE MULLIN,

    Debtor.
_____/

CARLA MUSSELMAN, TRUSTEE,

    Plaintiff,

v.

LARRY EUGENE MULLIN,

    Defendant.
_____/

Case No. 6:09-bk-17382-ABB
Chapter 7

Adv. Pro. No. 6:10-ap-00033-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint Objecting to Discharge (Doc. No. 1) filed by the Trustee/Plaintiff Carla P. Musselman against the Debtor/Defendant Larry Eugene Mullin seeking denial of his discharge pursuant to 11 U.S.C. Section 727(a). The final evidentiary hearing was held on November 16, 2010 at which the Trustee, her counsel, and Debtor, *pro se*, appeared.

Judgment is due to be entered in favor of the Trustee and against Debtor for the reasons set forth herein. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

Debtor filed a Chapter 7 bankruptcy case on November 13, 2009 ("Petition Date.") He has been *pro se* throughout his bankruptcy proceedings. His bankruptcy filing was caused by the financial demise of the casino ship *Liquid Vegas* owned by Las Vegas Casino Lines, LLC, of which Debtor was a principal. Las Vegas Casino Lines is a debtor in a Chapter 7 case pending in this Court. Debtor's debts are substantial; he listed debts totaling $1,489,159.00 in his Schedules. Most of his debts arise from the *Liquid Vegas* obligations he personally guaranteed.

Debtor's bankruptcy case has not proceeded smoothly. He has made missteps at every turn. He failed to completely and accurately complete his bankruptcy papers, was uncooperative with the Trustee, and failed to timely follow Court directives. Each of these incidents, had it been Debtor's sole misstep, might not merit denying Debtor a discharge, but the totality of Debtor's actions establish he did not act in good faith and is not entitled to a discharge.

The Trustee filed a five-count Complaint against Debtor requesting his discharge be denied for the following reasons:

(i) Debtor, within one year of the Petition Date and with the intent to hinder, delay or defraud his creditors, transferred, removed, or concealed his interests in:

    a.  a 2002 BMW 745;
    b.  an entity called AAA Taxi Service, LLC;
    c.  a Rolex watch;
    d.  golf clubs;
    e.  a Wachovia Bank account;
    f.  an RBC Bank safe deposit box;
    g.  an account receivable due from Lonny Winset; and
    h.  a 1976 28' Trojan boat.

    (ii)    Debtor, without justification, concealed, destroyed, falsified or failed to keep or preserve any recorded information from which his financial condition could be ascertained.

    (iii)    Debtor knowingly and fraudulently in connection with this case made false oaths and accounts by:

        a. Fraudulently omitting material information from his Schedules by failing to list his interests in the boat, AAA Taxi, the Rolex, and other jewelry items.

        b. Making false statements during his Section 341 meeting in which he denied having an interest in the boat, did not know the location of the boat, and there was a lien on the BMW.

        c. Making material misstatements about his financial status and the location of the boat, and failed to disclose transfers made within one year of the Petition Date.

        d. Withholding information concerning his financial affairs and property, including bank statements, insurance policies, records of recently conducted sales and loans, and refused the Trustee access to his residence.

    (iv)    Debtor failed to satisfactorily explain the loss of assets or deficiency of assets, including jewelry and $50,000.00 to $140,000.00 cash he removed from Las Vegas Casino Lines's office.

    (v)    Debtor refused to obey a lawful Order of the Court instructing him to turn over the BMW to the Trustee.

Many of the difficulties in this case stemmed from Debtor failing to disclose important information in his bankruptcy Petition, Schedules, and Statement of Financial Affairs ("SOFA.") Debtor hired a paralegal to prepare these documents, and provided the paralegal with basic information concerning his financial affairs. He intentionally did not provide information about transactions and assets.

Debtor did not read his bankruptcy papers before filing them with the Court, but he knew they contained many errors and omissions. Property records establish Debtor owned the BMW without encumbrances, but he falsely listed in his Schedules his friend

Bill Moberg held a lien on the vehicle. Debtor, in his Schedules, did not account for approximately $50,000.00 in cash he and Mr. Moberg removed from Las Vegas Casino Line's office shortly before the Petition Date. Debtor testified he did not disclose the cash because Mr. Moberg retained the money.

Property records demonstrate the boat was titled in Debtor's name, but Debtor failed to disclose it in his Schedules. He testified he did not disclose it in his Schedules or at any of the three Section 341 meetings of creditors because he sold it shortly before the Petition Date, but did not list the supposed sale in his SOFA because he thought it was of inconsequential value and did not need to be disclosed. Debtor knew where the boat was located—he had recently paid the boat's storage fee—but told the Trustee under oath at a Section 341 meeting he did not know where it was docked.

Debtor did not disclose in his SOFA his interest in AAA Taxi, a company he incorporated the day before the Petition Date. He also failed to disclose a Wachovia Bank account, and incorrectly told the Trustee under oath at a Section 341 meeting he did not have a bank account. Debtor, at the time, had a Wachovia account into which $63,213.18 was deposited within a year of the Petition Date. Debtor testified AAA Taxi and the Wachovia account belonged to his friend Tim McGraff. He testified he agreed to hold AAA Taxi and the Wachovia account in his name because Mr. McGraff wanted to conceal his ownership of the company. Debtor knew he owned these assets, but falsely denied owning them at the Section 341 meetings. Debtor also refused to give the BMW to the Trustee at a Section 341 meeting, falsely stating he had sold it to Mr. Moberg.

Debtor, in addition to concealing assets and making false oaths, withheld and concealed financial information from the Trustee. She mailed Debtor a letter on

December 10, 2009 requesting financial documents, including bank statements, insurance policies, documents concerning ownership of the BMW and the boat, and information concerning AAA Taxi and Las Vegas Cruise Lines (Tr.'s Exh. B). Debtor did not provide this information and instead responded in a letter on December 15, 2009 asking why the documents were needed (Id.) Debtor testified he did not provide the information because he mistakenly thought it was unimportant and did not need to be provided to the Trustee.

Debtor refused to allow the Trustee to inspect his residence for assets he failed to list in his Schedules or disclose at the Section 341 meetings. The Trustee arrived at Debtor's residence for a scheduled appointment, and he refused her entry explaining he immediately had to visit his girlfriend who had just been hospitalized. A later inspection of the residence revealed several appliances, pieces of furniture, golf clubs, and other personal property Debtor did not disclose.

Debtor also refused to obey a Court Order. The Court issued an Order on January 28, 2010 requiring Debtor to make the BMW available to the auctioneer tasked with selling the vehicle. Debtor, instead of delivering the vehicle, rendered it inoperable and vandalized it by removing air conditioning vents, slashing the seats, and strewing garbage throughout the vehicle. Debtor testified Mr. Moberg had possession of the BMW for two weeks before the Court issued the Order, and the vehicle was not damaged when it was turned over. Debtor's former business associates saw Debtor, not Mr. Moberg, driving the vehicle during the time period in question.

Debtor's testimony and explanations for each of these misrepresentations and misdeeds are not credible. Debtor is a sophisticated businessman and it is not believable

he did not know he had to disclose assets, transactions, and financial information. He knowingly and fraudulently failed to disclose information about the boat, the Wachovia account, AAA Taxi, the $50,000.00 cash, and the home furnishings in an attempt to conceal these assets. He intentionally withheld and concealed financial documents to hinder the Trustee, and falsely stated Mr. Moberg had a lien and later owned the BMW. Debtor knowingly and fraudulently attempted to hinder creditors and the Trustee by concealing assets, making false oaths, and withholding and concealing records. The Trustee established a basis for denial of Debtor's discharge pursuant to 11 U.S.C. Sections 727(a)(2)(A), 727(a)(4)(A), 727(a)(4)(D), and 727(a)(3).

Debtor did not satisfactorily explain the loss of $50,000.00 he removed from Las Vegas Casino Lines's office, or the loss of $63,213.18 deposited into his Wachovia account. His explanations Mr. Moberg retained the $50,000.00 and Mr. McGraff used the $63,213.18 to finance AAA Taxi are not credible. Debtor's only support for his explanations was his own unreliable testimony. Debtor has consistently been untruthful with the Court and the Trustee, and his testimony was not credible. The Trustee established a basis for denial of Debtor's discharge pursuant to 11 U.S.C. Section 727(a)(5).

Debtor refused to obey a Court Order to turn over the BMW by disabling the vehicle. His explanation he was not in possession of the vehicle when the Court issued the Order is not believable. Several people saw him driving the vehicle. The Trustee established a basis for denial of Debtor's discharge pursuant to 11 U.S.C. Section 727(a)(6)(A).

## CONCLUSIONS OF LAW

The Trustee seeks denial of Debtor's discharge pursuant to 11 U.S.C. Sections 727(a)(2)(A), 727(a)(3), 727(a)(4)(A), 727(a)(4)(D), 727(a)(5), and 727(a)(6)(A). Objections to discharge are strictly construed against the objecting party and liberally in favor of the debtor. Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986). "[T]he reasons for denying a discharge must be real and substantial, not merely technical and conjectural." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994).

*11 U.S.C. Sections 727(a)(2)(A), 727(a)(4)(A), 727(a)(4)(D), and 727(a)(3)*

The Trustee contends Debtor should be denied a discharge because he concealed property, including the boat and Wachovia account, falsely swore in his bankruptcy papers and Section 341 meetings he did not own these and other items, and failed to disclose other financial interests. Section 727(a) of the Bankruptcy Code sets forth a debtor shall be granted a discharge unless the debtor has committed certain abuses. A discharge will be denied where:

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, . . . property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A). Sections 727(a)(4)(A) and 727(a)(4)(D) provide the Court shall grant a debtor a discharge, unless the debtor knowingly and fraudulently "made a false oath or account," or knowingly and fraudulently "withheld from an officer of the estate . . . any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." 11 U.S.C. §§ 727(a)(4)(A), 727(a)(4)(D). Section 727(a)(3) provides the Court shall grant a debtor a discharge

7

unless "the debtor has concealed . . . any recorded information, . . . from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. §727(a)(3).

The Trustee bears the significant burden of establishing actual fraudulent intent. Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 306 (11th Cir. 1994) (*citing* Wines v. Wines (In re Wines), 997 F.2d 852, 856 (11th Cir. 1993)). Grounds for the denial of a discharge do not exist where a debtor completes his bankruptcy papers to the best of his abilities and attempts to be complete and accurate. In re Burns, 395 B.R. 756, 769 (Bankr. M.D. Fla. 2008). "Discharge may not be denied where the untruth was the result of mistake or inadvertence." Keefe v. Rudolph (In re Rudolph), 233 Fed. Appx. 885, 889 (11th Cir. 2007) (*citation omitted*). A debtor knowingly and fraudulently withholds records when the failure to produce requested records is an attempt to hide assets or impede the trustee. In re Kent, 92 B.R. 540, 543-44 (Bankr. S.D. Fla. 1998).

*Analysis*

Debtor knowingly and fraudulently concealed assets, made false oaths, and withheld and concealed information intending to hinder creditors and the Trustee. Debtor intentionally failed to disclose his interests in the Wachovia account, AAA Taxi, the boat, and household furnishings. Debtor is a sophisticated businessman, and it is not believable he did not know he had to disclose these items. His testimony he believed Mr. McGraff owned AAA Taxi and the Wachovia account is not credible. He also intentionally misled the Trustee about having sold the boat, falsely stated he did not know where it was located, and incorrectly asserted Mr. Moberg had a lien on and later owned

the BMW. He denied the Trustee access to his residence and made up an excuse about visiting his girlfriend in the hospital. Debtor intentionally omitted assets and transactions from his bankruptcy papers, and he knowingly failed to disclose them when questioned by the Trustee in the Section 341 meetings.

He knowingly and fraudulently withheld and concealed financial information which would have provided the Trustee information concerning the nature and extent of his assets. He refused her request for basic financial information, including bank statements and insurance policies. His testimony he did not give her this information because he did not realize it was important is not credible. Debtor repeatedly failed to be truthful and cooperate with the Trustee. His failure to provide financial documents was not an innocent mistake, it was part of Debtor's pattern concealing assets from the Trustee and creditors. The Trustee established a basis for denial of Debtor's discharge pursuant to 11 U.S.C. Sections 727(a)(2)(A), 727(a)(4)(A), 727(a)(4)(D), and 727(a)(3).

*11 U.S.C. Section 727(a)(5)*

The Trustee contends Debtor should be denied a discharge because he failed to explain the loss of cash removed from Las Vegas Casino Lines's office, and money deposited in the Wachovia account. Section 727(a)(5) of the Bankruptcy Code provides for the denial of a discharge where "the debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). A plaintiff, to sustain the initial burden to establish an objection to discharge, must establish "the debtor formerly owned substantial, identifiable assets that are now unavailable to distribute to creditors." Murphy v. Rivertree Landing, LLC (In re Murphy), Case No. 6:08-cv-198-Orl-31, 2008 WL 2224835, *5 (M.D. Fla. May 27,

2008). The burden then shifts to the debtor to satisfactorily explain the loss. Hawley v. Cement Indus., Inc. (In re Hawley), 51 F.3d 246, 249 (11th Cir. 1995).

### *Analysis*

Debtor did not satisfactorily explain the loss of assets now unavailable to distribute to creditors. The Trustee established Debtor possessed $50,000.00 he removed from Las Vegas Casino Lines and the $63,213.18 of deposits in the Wachovia account. Debtor's explanations Mr. Moberg retained the $50,000.00 and Mr. McGraff spent the Wachovia account funds for AAA Taxi are not believable. His only support for his explanations was his own unreliable testimony. Debtor has consistently been untruthful with the Court and the Trustee, and his explanations are not credible. The Trustee established a basis for denial of Debtor's discharge pursuant to 11 U.S.C. Section 727(a)(5).

### *11 U.S.C. Section 727(a)(6)(A)*

The Trustee contends Debtor should be denied a discharge because, after being ordered by the Court to turn over the BMW, he vandalized the vehicle and rendered it inoperable. Section 727(a)(6)(A) provides the Court shall grant a debtor a discharge, unless "the debtor has refused, in the case to obey any lawful order of the court . . .". 11 U.S.C. §727(a)(6)(A). A plaintiff, to sustain the initial burden, must prove the debtor was aware of the order and failed to comply. In re Constantini, 201 B.R. 312, 315 (Bankr. M.D. Fla. 1986). The refusal to obey the Order must be the result of willful, intentional disobedience, and not merely inadvertence or mistake. In re Harmon, 379 B.R. 182, 189 (Bankr. M.D. Fla. 2007) (*citation omitted*).

*Analysis*

Debtor refused to comply with the Court Order when he rendered the BMW inoperable. He knew about the Order and intentionally disobeyed it by causing severe damage to the vehicle. Debtor's testimony it was not damaged and he did not have possession of the vehicle when the turnover Order was issued is not credible. Several people saw him driving it around the time the Court ordered it be turned over. His explanation Mr. Moberg possessed the vehicle at the time the Court issued the Order is not believable. The Trustee established a basis for denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6)(A).

A debtor seeking bankruptcy protection must disclose all assets and interests because full and honest disclosure is essential if the bankruptcy system is to function effectively. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002). A bankruptcy discharge is reserved for an "honest but unfortunate debtor." Grogan v. Garner, 498 U.S. 279, 287 (1991). Debtor sought the protection of the Bankruptcy Code without fulfilling his duty to be honest and forthcoming with the Court, the Trustee, or his creditors. He is not entitled to a discharge.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the relief sought in the Trustee's Complaint (Doc. No. 1) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that Larry Eugene Mullin's discharge pursuant to 11 U.S.C. 727 is hereby **DENIED**.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 13th day of January, 2011.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge